IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-00053-01-CR-W-HFS |
| | ) | |
| ERIC W. PATTON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Eric W. Patton's Motion to Dismiss Indictment (Doc. #31). Defendant Patton contends that in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the statute under which he is charged, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to him. (Doc. #31 at 1.) Defendant Patton argues that the Eighth Circuit Court of Appeals applied *Bruen* incorrectly when it found Section 922(g)(1) constitutional in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024). (*Id*. at 1-2.) Defendant Patton next argues that Section 922(g)(1) violates the Fifth Amendment by failing to provide a procedural mechanism by which an individual can have his Second Amendment rights restored. (*Id*. at 25.) Finally, defendant Patton submits that Section 922(g)(1) is unconstitutional because it is substantially overbroad. (*Id*. at 2, 25.) For the reasons set forth below, it is recommended that defendant Patton's Motion to Dismiss Indictment be denied.

I. INTRODUCTION

On February 23, 2024, a Criminal Complaint was filed against defendant Patton. On March 12, 2024, the Grand Jury returned a one-count Indictment. The Indictment provides:

On or about February 22, 2024, in the Western District of Missouri, the defendant, ERIC W. PATTON, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, to wit: a Glock, Model 22, .40 caliber handgun, bearing Serial Number PNE485, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

(Doc. #15 at 1.)

The statute under which defendant Patton is charged in the Indictment, 18 U.S.C. § 922(g)(1), provides:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\* \* \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

## II. DISCUSSION

Following the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), there have been numerous attempts by defendants facing charges under 18 U.S.C. § 922(g)(1) to dismiss these charges as unconstitutional. In one such case, *United States v. Jackson*, Criminal No. 21-51 (DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022), the defendant asserted that Section 922(g)(1) was both facially

2

Case 4:24-cr-00053-HFS    Document 36    Filed 10/29/24    Page 2 of 12

unconstitutional and unconstitutional as applied to him. The district court provided the following analysis in denying the defendant's motion to dismiss the indictment:

### I. Facial Challenge

As the Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Second Amendment of the United States Constitution protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2122 (2022). "[C]onsistent with *Heller* and *McDonald*," the Supreme Court recently held that the Second Amendment also "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id.* To justify a gun regulation, the government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

The Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Id.* In *Heller*, the Court stated that "'longstanding prohibitions on the possession of firearms by felons' are 'presumptively lawful,' and cited 'historical justifications' on which it could 'expound' later." *United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (quoting *Heller*, 554 U.S. at 626-27 & n.26, 635). The Court reiterated its position on felon-in-possession statutes in *McDonald*, stating, "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *McDonald*, 561 U.S. at 786 (internal quotations and citation omitted). Given this language, "Courts of Appeals have unanimously upheld the constitutionality of section 922(g)(1) against facial attacks." *Medina v. Sessions*, 279 F.Supp.3d 281, 287 (D.D.C. 2017) (citation omitted).

In *Bruen*, the Court again stressed that *Heller* and *McDonald* remain good law. Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court has said in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S.Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id.* at 2157 (Alito, J., concurring). Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, emphasized that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Id.* at 2189 (Breyer, J., dissenting).

While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time. Following *Heller* and *McDonald*, the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 992(g)(1) in *United States v. Seay*, 620 F.3d 919, 924 (8th Cir. 2010). This

3

remains good law. Jackson's facial challenge to section 922(g)(1) is therefore denied.

## II. As-Applied Challenge

Jackson next argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional 'on the facts of the particular case.'" *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (quoting *Sanjour v. EPA*, 56 F.3d 85, 92 n.10 (D.C. Cir. 1995)). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* (internal quotations and citation omitted). Jackson argues that because his prior eleven felony convictions were nonviolent, his conviction under section 922(g)(1) is unconstitutional as applied to him.

\* \* \*

Jackson argues that historical tradition, as understood in 1791, does not support a blanket ban on the possession of firearms by all convicted felons. Rather, Jackson argues, only those deemed to be dangerous were historically prohibited from possessing guns. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). Jackson contends that he is not dangerous because his prior eleven felony convictions were nonviolent, and thus the law as applied to Jackson in this case was unconstitutional.

The Court takes issue with Jackson's argument for two reasons. First, the Court fundamentally disagrees with the notion that a person who commits a nonviolent felony is *ipso facto* not dangerous. Second, and most importantly, the Eighth Circuit's prior review of historical scholarship from the Founding Era reveals that gun restrictions were not limited to those deemed to be dangerous but were instead "directed at citizens who [were] not law-abiding and responsible." *United States v. Bena,* 664 F.3d 1180, 1183 (8th Cir. 2011). . . .

The Eighth Circuit has denied as-applied challenges to section 922(g)(1) when the defendant fails to demonstrate that he is "no more dangerous than a typical law-abiding citizen." [*United States v.*] *Brown*, 436 F. App'x [725,] 726 [(8th Cir. 2011)]. . . .

Additionally, the Eighth Circuit has found that restricting felons from possessing guns has not solely been about dangerousness. "Scholarship suggests historical support for a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183. The concept of the right to bear arms was "tied to that of the virtuous citizen." *Id.* (internal quotations and citation omitted). Other circuits, and most scholars of the Second Amendment, have similarly concluded that "the right to bear arms was tied to the

4

concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)). In sum, those who commit *serious* crimes—whether violent or nonviolent—forfeit their right to possess firearms.

*Jackson*, 2022 WL 4226229, at *1-3.

Defendant Jackson appealed the district court's denial of his motion to dismiss arguing that 18 U.S.C. "§ 922(g)(1) is unconstitutional as applied to him, because his drug offenses were 'non-violent' and do not show that he is more dangerous than the typical law-abiding citizen." *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023). On June 2, 2023, the Eighth Circuit Court of Appeals issued an opinion finding that the district court properly denied defendant Jackson's motion to dismiss.[1] *Id*. at 506. The Court wrote:

> . . . The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626; *see McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 142 S.Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).
>
> * * *
>
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons,

---

[1] On July 2, 2024, the United States Supreme Court vacated this judgment and remanded the case for further consideration in light of *United States v. Rahimi*, 602 U.S. ---, 144 S.Ct. 1889 (2024). *See Jackson v. United States*, 144 S.Ct. 2710 (2024).

5

we conclude that the statute is constitutional as applied to Jackson. The district court properly denied the motion to dismiss the indictment.

*Jackson*, 69 F.4th at 501-02, 505-06 (footnotes omitted).

On June 13, 2023, a different panel of the Eighth Circuit Court of Appeals issued an opinion in *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023).[2] In *Cunningham*, the defendant asserted that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because his prior offenses were non-violent. The Court found:

> . . . This contention is foreclosed by *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023), where we concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion); *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111, 2156 (2022); *id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.).

*Cunningham*, 70 F.4th at 506.

On December 1, 2023, yet another panel of the Eighth Circuit Court of Appeals issued an opinion in *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023).[3] Defendant Doss had been found guilty of being a felon in possession of a firearm. On appeal, Doss argued that his conviction violated the Second Amendment. The opinion stated:

> In Doss's view, the federal statute criminalizing possession of firearms by felons, 18 U.S.C. § 922(g)(1), is unconstitutional after *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), both on its face and as applied to him.

---

[2]On July 2, 2024, the United States Supreme Court vacated this judgment and remanded the case for further consideration in light of *United States v. Rahimi*, 602 U.S. ---, 144 S.Ct. 1889 (2024). *See Cunningham v. United States*, 144 S.Ct. 2713 (2024).

[3]On July 2, 2024, the United States Supreme Court vacated this judgment and remanded the case for further consideration in light of *United States v. Rahimi*, 602 U.S. ---, 144 S.Ct. 1889 (2024). *See Doss v. United States*, 144 S.Ct. 2712 (2024).

6

> Although the law in this area is still in flux, we have already rejected this argument in two recent cases. *See United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (cutting off as-applied challenges to the statute). Together, they spell the end for Doss's constitutional challenge.

*Doss*, 2023 WL 8299064, at *1 (footnote omitted).

On June 21, 2024, the Supreme Court issued its decision in *United States v. Rahimi*, 602 U.S. ---, 144 S.Ct. 1889 (2024). Defendant Rahimi had been indicted under 18 U.S.C. § 922(g)(8), a federal statute that prohibits individuals subject to a domestic violence restraining order from possessing a firearm. The district court had denied Rahimi's motion to dismiss the indictment on Second Amendment grounds. While Rahimi's case was on appeal, the Supreme Court decided *Bruen*. In light of *Bruen*, the Fifth Circuit Court of Appeals reversed the district court's decision, finding that the government had not shown that Section 922(g)(8) "fits within our Nation's historical tradition of firearm regulation." *United States v. Rahimi*, 61 F.4th 443, 460 (5th Cir. 2023). The Supreme Court then reversed the circuit court's decision, holding that Section 922(g)(8) is constitutional on its face. *Rahimi*, 144 S.Ct. at 1902.

On July 2, 2024, the Supreme Court vacated the judgments in *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023), *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023), and *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023), and remanded these cases to the Eighth Circuit Court of Appeals for further consideration in light of *Rahimi*. *See Jackson v. United States*, 144 S.Ct. 2710 (2024); *Cunningham v. United States*, 144 S.Ct. 2713 (2024); *Doss v. United States*, 144 S.Ct. 2712 (2024).

With respect to the *Jackson* case, on August 8, 2024, the Eighth Circuit Court of Appeals found: "*Rahimi* does not change our conclusion in this appeal, and we again affirm the judgment

7

of the district court." *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024). The Court wrote:

> . . . The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626; *see McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion) ("We repeat those assurances here."). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 597 U.S. at 70, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 72 (Alito, J., concurring); *id.* at 81 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 129 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Neither did the decision in *Rahimi*. *See* 144 S.Ct. at 1901-02. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).
>
> When the Second Amendment's text covers an individual's conduct, the government must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. *Bruen*, 597 U.S. at 24. History shows that the right to keep and bear arms was subject to restrictions that included prohibitions on possession by certain groups of people. There appear to be two schools of thought on the basis for these regulations. One view is that legislatures have longstanding authority and discretion to disarm citizens who are not law-abiding and are unwilling to obey the law. Jackson contends that a legislature's traditional authority is narrower and limited to prohibiting possession of firearms by those who are deemed more dangerous than a typical law-abiding citizen. While the better interpretation of the history may be debatable, we conclude that either reading supports the constitutionality of § 922(g)(1) as applied to Jackson and other convicted felons, because the law "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24.
>
> \* \* \*
>
> The Court in *Rahimi* did "not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." 144 S.Ct. at 1901 (citing *Heller*, 554 U.S. at 626). In fact, the Court referred back to its statement in *Heller* that prohibitions on the possession of firearms by felons are presumptively lawful. *Id.* at 1902.
>
> \* \* \*
>
> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from

legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson. The district court properly denied the motion to dismiss the indictment.

*Jackson*, 110 F.4th at 1125-26, 1129 (footnote omitted).

With respect to the *Cunningham* case, on August 16, 2024, the Eighth Circuit Court of Appeals wrote:

Cunningham . . . challenges the district court's denial of his motion to dismiss the charge that he unlawfully possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Cunningham asserts that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because neither of his prior offenses qualified as a "violent" offense based on the elements of the crime. This contention is foreclosed by *United States v. Jackson*, No. 22-2870, 110 F.4th 1120, 1124-25 (8th Cir. Aug. 8, 2024), where we concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss. . . .

*United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

With respect to the *Doss* case, on August 28, 2024, the Eighth Circuit Court of Appeals wrote:

We begin with the Second Amendment challenge, which is back before us on remand after *United States v. Rahimi*, --- U.S. ---, 144 S.Ct. 1889, --- L.Ed.2d --- (2024). In Doss's view, the federal statute criminalizing possession of firearms by felons, 18 U.S.C. § 922(g)(1), is unconstitutional after *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022), both on its face and as applied to him. We have already rejected this argument in two recent cases. *See United States v. Cunningham*, --- F.4th ---, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024) (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional); *United States v. Jackson*, 110 F.4th 1120, 2024 WL 3711155, at *4 (8th Cir. Aug. 8, 2024) (cutting off as-applied challenges to the statute). Together, they spell the end for Doss's constitutional challenge.

9

*United States v. Doss*, No. 22-3662, 2024 WL 3964616, at *1 (8th Cir. Aug. 28, 2024) (footnote omitted).

On August 29, 2024, in yet another decision addressing the argument that a felon-in-possession conviction violated a defendant's Second Amendment rights, the Eighth Circuit Court of Appeals wrote:

> Mull's argument is foreclosed by Eighth Circuit precedent. *See United States v. Jackson*, 110 F.4th 1120, 1124-25 (8th Cir. 2024) (holding that 18 U.S.C. § 922(g)(1) did not violate the Second Amendment as applied to defendant whose predicate offenses were non-violent drug offenses); *United States v. Lowry*, No. 23-2942, 112 F.4th 629, 632 (8th Cir. Aug. 15. 2024) (holding that *Jackson* "foreclosed" the defendant's argument "that his conviction under 18 U.S.C. § 922(g)(1) violates his constitutional right to keep and bear arms under the Second Amendment"); *United States v. Cunningham*, No. 22-1080, --- F.4th ---, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024) (holding that *Jackson* "foreclosed" the defendant's argument "that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because neither of his prior offenses qualified as a 'violent' offense based on the elements of the crime" because "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant").

*United States v. Mull*, 113 F.4th 864, 869-70 (8th Cir. 2024), *reh'g denied*, No. 23-3424, 2024 WL 4492049 (8th Cir. Oct. 15, 2024).

Based on the Eighth Circuit decisions in *Jackson*, *Cunningham*, *Doss*, and *Mull*, the undersigned recommends that the Court deny defendant Patton's facial and as-applied challenges to the constitutionality of 18 U.S.C. § 922(g)(1).

Defendant Patton also argues that Section 922(g)(1) violates the Fifth Amendment right of due process in that it fails to provide a procedural mechanism by which an individual can have his Second Amendment rights restored. This same argument was made and rejected in *Zherka v. Garland*, 593 F.Supp.3d 73 (S.D.N.Y. 2022). The *Zherka* court wrote:

> . . . Plaintiff's due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). A class of

10

Case 4:24-cr-00053-HFS    Document 36    Filed 10/29/24    Page 10 of 12

> convicted sex offenders in *Doe* brought a procedural due process challenge to Connecticut's sex offender registry law, which required all persons convicted of certain sex-related crimes to register with the State following their release from prison. The sex offender class complained that the law, which subjected them to reporting requirements without affording the opportunity of a hearing to demonstrate whether they were likely to be currently dangerous to the community, violated due process. The Supreme Court, in rejecting the sex offenders' challenge, held that individualized hearings were not required because the registration requirement was based "on the fact of previous conviction, not the fact of current dangerousness." *Id*. at 4. The Supreme Court reasoned that "where the fact to be proven at the hearing is not relevant to the legal scheme responsible for the deprivation (that is, where it is clear that the government would strip the individual of his liberty even if he were able to prove or disprove the particular the fact or set of facts), such a hearing would be an exercise in futility, which is not required by *procedural* due process." *Black v. Snow*, 272 F.Supp.2d 21, 34 (D.D.C. 2003) (emphasis in original), *aff'd sub nom. Black v. Ashcroft*, 110 F. App'x 130 (D.C. Cir. 2004).
>
> *Doe*'s rationale "dooms any procedural challenge to § 922(g)(1)," as "[t]he plain language of that provision makes clear Congress's decision to bar *all* convicted felons (not merely those with violent tendencies or who otherwise present an ongoing danger to society) from possessing firearms." *Id*. (emphasis in original). Here, as with the sex offender registry law in *Doe*, Section 922(g)(1) "make[s] the deprivation turn solely on the fact of the prior conviction—not the significance of that conviction for future behavior." *Id*. at 34-35. It follows, then, that "due process does not entitle [P]laintiff to a hearing to determine whether he is currently dangerous because the results of such a hearing would have no bearing on whether he is subject to the disability imposed by § 922(g)(1)." *Id*. at 35.

593 F.Supp.3d at 81. The Court finds the analysis in *Zherka* to be sound. Defendant Patton's Fifth Amendment challenge to Section 922(g)(1) should be denied.

Finally, defendant Patton argues that Section 922(g)(1) is unconstitutional because it is substantially overbroad, imposing prohibitions on felons who are not dangerous. This argument has also been made by defendants and rejected by judges in the Western District of Missouri. *See United States v. Hyde*, No. 23-00264-CR-W-DGK, 2024 WL 2789477, at *2 (W.D. Mo. Apr. 24, 2024), *report and recommendation adopted by* 2024 WL 2785304 (W.D. Mo. May 30, 2024); *United States v. Mitchell*, No. 23-00203-CR-W-HFS, 2024 WL 2186861, at *2 (W.D. Mo. May 15, 2024); *United States v. McKnight*, No. 21-05034-01-CR-SW-MDH, 2024 WL

11

390458, at *2 (W.D. Mo. Jan. 8, 2024), *report and recommendation adopted by* 2024 WL 385702 (W.D. Mo. Feb. 1, 2024). In addressing the defendant's argument that because the Court in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), did not have an overbreadth challenge to Section 922(g)(1) before it, the district court was not bound by any dicta in *Jackson* suggesting the constitutionality of the breadth of the statute, the *McKnight* court wrote:

> In *Jackson*, the defendant argued "that § 922(g)(1) is unconstitutional as applied to him, because his drug offenses were 'non-violent' and do not show that he is more dangerous that the typical law-abiding citizen." *Jackson*, 69 F.4th at 501. Although the Eighth Circuit does not use the word "overbroad," the undersigned finds that the issue of overbreadth was addressed by the court in *Jackson*, and thus *Jackson* is binding on this Court.

2024 WL 390458, at *2. *See also United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023) (rejected overbreadth argument as to Section 922(g)(1) on plain error review). Defendant Patton's overbreadth challenge to Section 922(g)(1) should, likewise, be denied.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Patton's Motion to Dismiss Indictment (Doc. #31).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                */s/ Lajuana M. Counts*
                                                Lajuana M. Counts
                                                United States Magistrate Judge